Tyler D. Offenhauser, State Bar No. 195734
toffenhauser@bremerwhyte.com
Adam M. Winokur, State Bar No. 308501
awinokur@bremerwhyte.com
BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. Birch Street
Second Floor
Newport Beach, California 92660
Telephone: (949) 221-1000
Facsimile: (949) 221-1001

Attorneys for Plaintiff,
SALIK RAHMAN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SALIK RAHMAN,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA and DOES 1-10,<br><br>Defendants. | Case No. 8:18-cv-01741<br><br>**COMPLAINT FOR:**<br><br>**(1) Unsafe Conditions**<br><br>**(2) Negligence**<br><br>**(3) Products Liability**<br><br>**DEMAND FOR JURY TRIAL** |

NOW COMES Plaintiff, SALIK RAHMAN ("Plaintiff"), by and through his attorney, Adam M. Winokur of the law firm Bremer Whyte Brown & O'Meara, and complains against the defendants, the UNITED STATES OF AMERICA and DOES 1-10, ("Defendants") stating as follows:

1. This Action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 (2018) et seq., and CAL. CIVIL CODE §§ 1714(a), 1714.43 (Deering 2018).

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1331, 1346(b)(1), 1367 (2018), and, potentially, § 1332(a) (2018) upon jurisdictional discovery.

3. Venue is proper within this United States District under both 28 U.S.C. § 1402(b) (2018) and 28 U.S.C. § 1391(b)(2) (2018) as the negligent or wrongful acts or omissions that are the subject of this Complaint occurred within the Central District of California, and the Plaintiff resides within the Central District of California.

**PARTIES**

4. Plaintiff is a citizen of the State of California, County of Orange, located within the Central Judicial District of the State of California.

5. The Department of Homeland Security, Transportation Security Administration (hereinafter "TSA"), is an agent of defendant, United States of America, and is responsible for security and screening of passengers at airports nationwide, with its principal claims office in Arlington, Virginia.

6. Does 1-5 are individuals or entities whose identities are currently unknown but who distributed, manufactured, or sold the products associated with the Plaintiff's injuries.

7. Does 6-10 are individuals or entities whose identities are currently unknown but whose negligent acts or omissions proximately caused the Plaintiff's injuries.

**ADMINISTRATIVE EXHAUSTION**

8. On January 29, 2018, the Plaintiff submitted an Administrative Claim to the TSA for the claim set forth below.

9. On April 26, 2018, the TSA mailed correspondence to Plaintiff's Counsel in which it denied liability in association with the Plaintiff's claim.

**GENERAL ALLEGATIONS**

10. On August 30, 2017, the Plaintiff entered a TSA checkpoint at Long Beach Airport in Long Beach, CA.

11. The TSA directed the Plaintiff to remove items from his person and place them into a small, round, lipped tray, known as a divesting bowl.

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

12. The TSA then directed the Plaintiff to proceed through a metal detector.

13. The Plaintiff walked through the metal detector.

14. The Plaintiff's personal items in the divesting bowl travelled on conveyor belt into a machine which used x-rays to screen his personal items.

15. The conveyor belt then conveyed the divesting bowl onto the first of a series of metal rollers.

16. Luggage, divesting bowls, or divesting trays would travel over this series of metal rollers once pushed from behind by the next item on the conveyor belt.

17. No other items were on the conveyor belt to push the Plaintiff's divesting bowl forward from the conveyor belt, and the divesting bowl thus stopped at the first roller immediately past the end of the conveyor belt.

18. The roller closest to the conveyor belt, on which the divesting bowl stopped, was at a lower elevation than the rest of the rollers, which were otherwise at a uniform elevation.

19. After passing through the metal detector under the supervision of the TSA agent present, the Plaintiff used his left hand to grasp the divesting bowl from its location, where the metal rollers and conveyor belt meet.

20. The conveyor belt pulled the Plaintiff's left thumb into the small gap between the conveyor belt and the first of the metal rollers.

21. Plaintiff's thumb became de-gloved as a result of the conveyor belt pulling the Plaintiff's left thumb into the small gap between the conveyor belt and the first of the metal rollers.

22. This conveyor-belt, rollers, and x-ray system, as implemented and maintained, (hereinafter, the "X-ray/Conveyor System") created an unreasonable risk of harm which resulted in the Plaintiff's injury.

///

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

**FIRST CAUSE OF ACTION – UNSAFE CONDITIONS**

**AS AGAINST THE UNITED STATES**

23. The Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

24. This cause of action is brought pursuant to CAL. CIVIL CODE § 1714(a) (Deering 2018).

25. The United States knew or should have known through the exercise of reasonable care of the conditions at the TSA checkpoint which created an unreasonable risk of harm.

26. With respect to the unreasonable risk of harm resulting from the conditions at the TSA checkpoint, the United States owed a duty to the Plaintiff to repair the condition, protect against harm from the condition, and give adequate warning of the condition.

27. The United States breached each of these duties when it failed to repair the dangerous condition, to protect against harm from the condition, or to warn the Plaintiff of the dangerous condition.

28. Such breach resulted in the Plaintiff incurring severe injuries, requiring significant and ongoing medical treatment.

**SECOND CAUSE OF ACTION – NEGLIGENCE**

**AS AGAINST THE UNITED STATES**

29. The Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

30. This cause of action is brought pursuant to CAL. CIVIL CODE § 1714(a) (Deering 2018).

31. The United States had a duty to use ordinary care or skill in the management of its property so as to avoid causing injuries to individuals.

///

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

32. The United States breached this duty when it directed Plaintiff to use the X-ray/Conveyor System despite that the United States knew or should have known of the danger associated with the X-ray/Conveyor System.

33. Such breach resulted in the Plaintiff incurring severe injuries, requiring significant and ongoing medical treatment.

**THIRD CAUSE OF ACTION – PRODUCTS LIABILITY**

**AS AGAINST DOES 1-5**

34. The Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

35. Does 1-5 owed a duty to the Plaintiff to provide a product which is safe.

36. DOES 1-5 knew or should have known that the X-ray/Conveyor System was unreasonably dangerous and knew or should have known of the necessity of warnings to ensure safe use.

37. Does 1-5 placed the X-ray/Conveyor System into the stream of commerce without providing any warnings regarding the associated unreasonable danger.

38. The X-ray/Conveyor System did not perform as an ordinary consumer would expect when used in the intended, reasonably foreseeable manner.

39. Safety devices were available which would have prevented the Plaintiff's harm, and inclusion of the safety devices would not impact the utility of the rest of the X-ray/Conveyor System.

40. The unsafe aspects of the X-ray/Conveyor System proximately resulted in severe injuries to the Plaintiff which required and continue to require significant medical treatment.

///

///

///

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

**DAMAGES**

41. Plaintiff's injury has resulted in economic damages including medical bills, future medical care, lost wages, and lost earning capacity.

42. Plaintiff's injury has resulted in non-economic damages including pain and suffering and mental anguish.

43. Plaintiff's injury has resulted in costs and fees associated with the bringing of this lawsuit.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff requests that this Court enter judgment against the Defendants providing the following relief:

(a) Plaintiff hereby requests that the Court make him whole pursuant to the provisions of the Federal Tort Claims Act and California Law.

(b) Plaintiff requests the Court award him $1,000,000.00 for the damages associated with his injuries.

(c) Plaintiff requests an award of interest, costs, and reasonable attorney's fees.

(d) Plaintiff requests punitive damages as against Does, in whatever amount, exclusive of costs and interest, to which the Plaintiff is found entitled.

(e) Plaintiff requests such other and further relief as the Court finds appropriate.

Dated: September 26, 2018

BREMER WHYTE BROWN & O'MEARA LLP

By: ______________________

Tyler D. Offenhauser
Adam M. Winokur
Attorneys for Plaintiff,
SALIK RAHMAN

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

## DEMAND FOR JURY TRIAL

For all causes of action on which Plaintiff SALIK RAHMAN ("Plaintiff") is eligible for a trial by jury, Plaintiff hereby demands a jury.

Dated: September 26, 2018

BREMER WHYTE BROWN & O'MEARA LLP

By: ______________________

Tyler D. Offenhauser
Adam M. Winokur
Attorneys for Plaintiff,
SALIK RAHMAN

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000