ADAM WINOKUR (CBN 308501)
Bremer Whyte Brown and Omeara LLP
20320 SW Birch Street 2nd Floor
Newport Beach, CA 92660
Telephone: 949-221-1000
Fax: 949-221-1001
Email: awinokur@bremerwhyte.com

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
JULIE ZATZ (CBN 155560)
Assistant United States Attorney
California State Bar No. 155560
    Room 7516, Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-7349
    Facsimile: (213) 894-7819
    Email: julie.zatz@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| SALIK RAHMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>        Defendant. | Case No.: SACV 18-01741-DOC(ADSx)<br><br>**JOINT FRCP 26 SCHEDULING CONFERENCE REPORT**<br><br>Date: 2/4/2017<br>Time: 8:30 a.m. |

1

Plaintiff, Salik Rahman, and Defendant United States of America, by and through their undersigned attorneys, hereby submit their joint report pursuant to Fed. R. Civ. P. 26(f), Local Rule 26-1 and this Court's Order of December 11, 2018.  The parties' attorneys, Adam Winokur (Plaintiff) and AUSA Julie Zatz (Defendant) met and conferred for this purpose on January 9, 2018.

## I.      FACTUAL SUMMARY OF THE CASE

On August 30, 2017, Plaintiff passed through a TSA security checkpoint at the Long Beach Airport.  Pursuant to TSA instruction, he placed his personal items in a bowl, which moved on a conveyor belt through the screening machine.  At some point, the bowl stopped moving forward, remaining stationary on the first of a series of metal rollers.  Plaintiff thereafter used his left hand to try to grab the bowl.  When he did so, his left thumb entered into a gap between the conveyer belt and the first metal roller.  Plaintiff avers that his left thumb was injured because of the incident.  Defendant maintains that there was a sign posted advising travelers not to reach into the x-ray tunnel for their own safety.

## II.     SYNOPSIS OF PRINCIPAL ISSUES IN THE CASE

a. Whether any of Plaintiff's allegations are barred by the discretionary function exception to the Federal Tort Claims Act, 28 U.S.C.§ 2680(a);
b. Whether Defendant breached any duty owed to Plaintiff;
c. Whether any act or omission of Defendant caused Plaintiff's injury;
d. Whether Plaintiff assumed the risk of his own injury;
e. The nature and extent of Plaintiff's damages, if any.

## III.    ADDITIONAL PARTIES OR AMENDED PLEADINGS

Plaintiff anticipates naming the manufacturer(s) of the equipment at issue at the TSA checkpoint after initial discovery is completed.

IV. **CONTEMPLATED DISPOSITIVE LAW AND MOTION MATTERS**

To the extent that Plaintiff's Complaint raises claims barred by the discretionary function exception of 28 U.S.C. § 2680(a), the United States shall move to dismiss any such allegations.

V. **SETTLEMENT DISCUSSIONS AND SELECTED METHOD**

To date, no such discussions have commenced. The parties are committed to good faith settlement discussions during the course of the discovery period and feel that a formal mediation would be most productive once discovery is substantially completed. Plaintiff understands that any settlement demand must be presented in writing. Pursuant to L.R. 16-15.4, the parties elect to utilize ADR procedure No. 3, participation in a private dispute resolution proceeding. Pursuant to L.R. 16-15.2, the parties will submit to this ADR proceeding no later than September 12, 2019.

VI. **DISCOVERY PLAN**

The scope of discovery will include all of the foregoing factual and legal issues including the nature and extent of Plaintiffs' injuries and damages. The parties do not anticipate the need to limit discovery to particular issues or to conduct discovery in phases. F. R. Civ. P. 16(b). The parties agree to exchange electronically stored information (if any) in digital format with metadata included where possible, or alternatively, in hard copy where digital format is not possible. At this time, the parties do not propose that any changes be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of the Central District of California.

As regards to depositions, likely deponents include persons listed by the parties in their FRCP 26 (a)(1) to include: Plaintiff and percipient witnesses to the accident or Plaintiff's injuries; Defendant's employees present at or responsible for the supervision of the TSA security checkpoint in question as well as any other Defendant's employees to be named later; physicians/medical personnel involved in diagnosing/treating

Plaintiff's alleged injuries; and relevant experts.  Defendant may also seek to have an IME conducted of the Plaintiff.

The parties will serve written discovery on one another as necessary.  However, the parties also recognize their ongoing and mutual obligation to supplement their Rule 26 exchange on a continuing basis.

## VII. **TRIAL METHOD AND ESTIMATE**

All allegations against the United States shall be tried to the Court.  28 U.S.C. §2402.  Plaintiff estimates that if another private defendant is added, the trial shall consume 4 days. Defendant estimates that the trial will take 2 days.

## XI. **PROPOSED SPECIFIC DATES**[1]

a. Discovery Cutoff:  September 6, 2019

  Fact discovery cut-off: June 28, 2019

  Expert discovery cut-off: (initial July 12, 2019; rebuttal August 9, 2019)

b. Motion Hearing Cut-off:  September 16, 2019.

c. Final Pretrial Conference: October 21, 2019

d. Trial date: November 12, 2019

///
///
///
///
///
///
///

---

[1] As of the date of this filing, the United States government is partially shutdown.  On January 1, 2019, Defendant submitted its' Ex Parte Application To Stay Case Due To A Lapse in Appropriations. (Dkt. 12).  As of the date of this filing, the Court has not acted upon the government's Application and the government remains closed.  During the partial closure, the lapse in funding for the Department of Justice means that no expenditures (e.g.,travel retention of experts, deposition costs) may be incurred and undersigned counsel has been furloughed.  Consequently, at some point, Defendant may need to seek an alteration to these dates.

XII.   **OTHER ISSUES**

None.

Respectfully Submitted,

Dated:  1/18/2019          */s/ Adam Winokur*
                                          ADAM WINOKUR
                                          Attorney for Plaintiff Salik Rahman

Dated:  1/18/2019          NICOLA T. HANNA
                                          United States Attorney
                                          DAVID M. HARRIS
                                          Assistant United States Attorney
                                          Chief, Civil Division
                                          JOANNE S. OSINOFF
                                          Chief, General Civil Section

                                          */s/ Julie Zatz*
                                          JULIE ZATZ
                                          Assistant United States Attorney
                                          Attorneys for United States of America